# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH KIM,

        Plaintiff

Case No. 2013-_____

v.

Hon. _____

LOGOS LOGISTICS, INC. and JONGUK KIM, a/k/a JAMES KIM

        Defendants.

_____

NEUMAN ANDERSON, P.C.
Stephen T. McKenney (P65673)
401 South Old Woodward Ave., Suite 460
Birmingham, MI 48009
Phone: 248.594.5252
E-mail: smckenney@neumananderson.com
Attorneys for Plaintiff
_____

## COMPLAINT AND JURY DEMAND

Plaintiff Joseph Kim, for his Complaint against Defendants Logos Logistics, Inc. and Jonguk Kim, a/k/a James Kim states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Joseph Kim is an individual who is a citizen of the state of California.

2. Defendant Logos Logistics, Inc. ("Logos") is a corporation organized under the laws of the state of Michigan with its principal place of business in Wayne County, Michigan.

3. Defendant Jonguk Kim, a/k/a James Kim, ("James Kim") is an individual who is a citizen of the state of Michigan, with a residence located in Wayne County, Michigan.

4. The amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

5. The Defendants both reside in the state of Michigan and within this judicial district; and a substantial part of the event(s) or omission(s) giving rise to the claim occurred in this judicial district.

6. This Court has jurisdiction over the subject matter of this action consistent with 28 U.S.C. § 1332.

7. This Court is a proper venue for this action consistent with 28 U.S.C. § 1391(a).

**GENERAL ALLEGATIONS**

8. Plaintiff incorporates all previous paragraphs herein by reference.

9. In February 2008, non-party Myounghun Kim ("M.H. Kim") and James Kim founded Logos Logistics, Inc. as an Ohio Corporation ("Logos – Ohio").

10. M.H. Kim was the sole source of capital for Logos – Ohio. The initial $400,000.00 investment into Logos – Ohio came solely from M.H. Kim's money.

11. Nevertheless, because of the requirements of James Kim's immigration status, the initial ownership of Logos – Ohio was 60% owned by James Kim (with James Kim holing 35% of the ownership interest for the benefit of M.H. Kim) and 40% owned by M.H. Kim.

12. Between April and June 2010, Logos – Ohio was dissolved and Logos was formed in Michigan.

13. Logos was the *de facto* successor of Logos-Ohio because it carried on the same business as Logos - Ohio and had the same shareholders: (a) 40% of the shares were owned by M.H. Kim; (b) 35% of the shares were owned by James Kim for the benefit of M.H. Kim; and (c) 25% of the shares were owned by James Kim.

14. In 2010, Logos distributed profits to all of its shareholders.

15. In 2011, M.H. Kim transferred the 40% outright ownership interest that he held in Logos to Joseph Kim.

16. In 2011, Logos made distribution of its profits. However, Logos only distributed profits to James Kim. Logos did not distribute profits to Joseph Kim.

17. In 2012, Logos made distribution of its profits. However, Logos only distributed profits to James Kim. Logos did not distribute profits to Joseph Kim.

18. In April 2012, at a meeting of the shareholders, James Kim proposed that Logos issue additional shares of stock as a means of raising capital. James Kim stated that additional capital was needed for Logos' operations.

19. James Kim's statement at the April 2012 meeting of the shareholders was untrue when it was made. Logos did not have a need to raise additional capital for its operations.

20. In fact, Logos had sufficient capital for its operational needs without having to issue additional stock.

21. James Kim's request to the shareholders was a transparent effort to dilute the interests of the other shareholders in Logos. Specifically, James Kim knew that Joseph Kim did not have liquid assets sufficient to meet the offering of new shares.

22. After James Kim allegedly purchased the additional shares authorized by Logos, Logos returned all of the cash paid for the shares James Kim purchased in the form of a "loan" to James Kim, which has not been repaid.

## COUNT I
## MINORITY SHAREHOLDER OPPRESSION IN VIOLATION OF
## MICH. COMP. LAWS ANN. § 450.1489
## AGAINST DEFENDANTS JAMES KIM AND LOGOS

23. Plaintiff incorporates all previous paragraphs herein by reference.

24. In 2011 and 2012, James Kim, as the purported majority shareholder of Logos and the President of Logos, issued dividends from Logos to himself as shareholder, but not to Joseph Kim as shareholder.

25. There is no lawful reason why distributions were made to only one of the company's two shareholders.

26. Defendant James Kim, as the purported majority shareholder of Logos, presented a plan at the 2012 meeting of the shareholders of Logos, for Logos to issue additional shares of stock to raise capital allegedly needed for Logos' operations.

27. James Kim's statement that Logos needed to raise capital for its operations was untrue and James Kim knew that it was untrue when he made the statement.

28. James Kim presented the plan to raise capital by issuing new stock knowing that his fellow shareholder did not have access to liquid assets to pay for the shares to be issued by Logos.

29. James Kim knew that if Logos issued the shares and he was the only shareholder to buy them, he would dilute the interests of Joseph Kim as shareholder.

30. In fact, James Kim actually borrowed the money he used to purchase the additional shares of Logos from Logos. Specifically, mere weeks after paying Logos for the shares, James Kim authorized Logos to make a "loan" from Logos to him personally.

31. James Kim's actions have directly and proximately caused damages to Joseph Kim.

32. Wherefore, Joseph Kim requests that this Court: (a) enter judgment in his favor against defendants James Kim and Logos; (b) award him the relief allowable under Mich. Comp. Laws Ann. § 450.1489, including damages and equitable relief; (c) award him applicable interest, costs and attorney fees; (d) award him any other relief that this Court deems appropriate, just and equitable.

Dated: July 10, 2013　　　　　　　Respectfully submitted,

NEUMAN ANDERSON, P.C.

　　/s/Stephen T. McKenney
Stephen T. McKenney (P65673)
401 S. Old Woodward, Ste. 460
Birmingham, MI  48009
(248) 594-5252
smckenney@neumananderson.com
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury in this action on all claims so triable.

Dated:  July 10, 2013              Respectfully submitted,

                                   NEUMAN ANDERSON, P.C.

                                       /s/Stephen T. McKenney
                                   Stephen T. McKenney (P65673)
                                   401 S. Old Woodward, Ste. 460
                                   Birmingham, MI  48009
                                   (248) 594-5252
                                   smckenney@neumananderson.com
                                   Attorney for Plaintiffs